112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Edward FERGUSON, Petitioner-Appellant,
v.
Dale E. COPELAND; Grant Wood, Attorney General,
Respondents-Appellees.
 No. 96-16190.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Edward Ferguson appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Ferguson was convicted of two counts of theft by means of fraud. He contends the district court erred when it denied three claims as meritless and the rest as procedurally barred. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. See Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We affirm.
 
 A. Media Exposure
 
 3
 Ferguson contends he was denied his right to an impartial jury because on the third day of trial, a radio broadcast and a newspaper article discussed the trial. The trial court refused to ask the jurors whether they were exposed to the media reports. The trial court previously had admonished the jurors to avoid any news accounts regarding the case and to notify the court in the event of inadvertent exposure.
 
 
 4
 Jurors are presumed to follow instructions. See Richardson v. Marsh, 481 U.S. 200, 211 (1987). Ferguson has not shown that any juror actually was exposed to the media reports, see Bayramoglu v. Estelle, 806 F.2d 880, 887 (9th Cir.1986), or that the community was "saturated" with prejudicial and inflammatory publicity, see Harris v. Pulley, 885 F.2d 1354, 1361-63 99th Cir.1988). Accordingly, we affirm the district court's denial of the claim. See id.
 
 B. Excessive Restitution
 
 5
 Ferguson contends that the trial court wrongly refused to consider the value of collateral held by the victims when it ordered restitution. A third party claimed he loaned Ferguson the silver coins and silver bar and Ferguson never returned them.
 
 
 6
 Ferguson's allegations fail to state a federal claim or demonstrate fundamental unfairness. See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir.1994) (absent fundamental unfairness, application of state sentencing law fails to state federal constitutional claim). We therefore affirm the district court's denial of this claim.
 
 
 7
 C. Denial of Motion for Production of Evidence
 
 
 8
 Ferguson insists that he was entitled to have the jury see the silver coins and silver bar which he gave as collateral for the loans. He contends the trial court erred when it denied his motion for production. The nonproduction of the collateral did not render Ferguson's trial fundamentally unfair. Consequently, we reject the claim. See Estelle v. McGuire, 502 U.S. 62, 72 (1991).
 
 D. Lay Testimony as to Value of the Coins
 
 9
 Ferguson contends that his federal constitutional rights were violated when the trial court permitted the victim, who was not a coin expert, to testify to the value of the coins. We disagree.
 
 
 10
 On cross-examination, defense counsel asked one of the victims about taking the coins, which Ferguson had given him as collateral, to a coin shop. In response to a question on redirect about the value of the coins, the victim testified that the coins were worth $30 to $35 each. The man whose son found the treasure (of which the coins were allegedly a part) testified that the coins were worth $300 to $1200 each. The victim's valuation of the coins did not render Ferguson's trial fundamentally unfair. The district court properly denied the claim. See id.
 
 E. Ineffective Assistance of Counsel
 
 11
 Ferguson raises numerous grounds of ineffective assistance of counsel. First, he contends counsel was ineffective for not interviewing Donald Durant until after trial. According to Ferguson, Durant could have established that Ferguson's venture was legitimate because Ferguson had salvage contracts with Durant. Durant was a felon who had been convicted of charges similar to those for which Ferguson was tried. Durant claimed that the silver coins and silver bar belonged to him and Ferguson had borrowed and never returned them. Because Durant's testimony could have been more harmful than helpful, we reject this ineffective assistance claim. See Strickland v. Washington, 466 U.S. 668, 689 (1984).
 
 
 12
 Next, Ferguson contends counsel was ineffective for failing to introduce evidence of salvage contracts which would have substantiated Ferguson's claim that he intended, and had the means, to carry out the venture. Because Durant was a party to the alleged contracts and Durant previously was convicted of fraud, counsel was not ineffective for failing to introduce the contracts. See id.
 
 
 13
 Ferguson contends counsel was ineffective for failing to "interview Bryce Boucher, with whom the entire defense rested." Boucher testified that: he was going to underwrite the venture but never did; and, without telling any of his clients, he kept $28,000 of the $122,000 he raised for Ferguson's venture. Because Ferguson has failed to explain what testimony defense counsel could have elicited from Boucher that would have exculpated Ferguson, we reject Ferguson's argument that counsel was ineffective for failing to interview Boucher. See id. at 691.
 
 
 14
 Ferguson contends counsel was ineffective for failing to interview or call Featherston. The Arizona Court of Appeals rejected the claim, noting that Ferguson did not tell counsel about Featherston until after trial. Ferguson has failed to rebut that finding. Accordingly, we reject the claim. See id.
 
 
 15
 Ferguson contends counsel was ineffective because counsel failed to obtain any verification of the value of the coins from Phillips of London. We reject the claim for lack of prejudice for even if counsel had introduced this evidence the result of the proceeding would not have been different. See id. Ferguson defrauded his victims by using the loans he obtained for purposes other than that for which he solicited them. Moreover, Ferguson's own evidence indicates that the silver coins and bar did not belong to Ferguson.
 
 
 16
 Ferguson maintains counsel was ineffective for failing to challenge numerous jurors for bias. Ferguson alleges that one juror was a financial planner, another a loan processor, and a third was a cousin of "Sixto" Molino who is a prominent law enforcement officer in Tucson. We reject the claim for lack of prejudice as Ferguson has failed to establish actual or presumed bias. See Tinsley v. Borg, 895 F.2d 520, 526-29 (9th Cir.1990).
 
 
 17
 Finally, Ferguson contends counsel was ineffective for failing to file numerous other motions. Ferguson has failed to explain how any motion would have been successful, much less caused a different result. Consequently, we reject the claim for lack of prejudice. See Strickland, 466 U.S. at 691.[1]
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ferguson contends counsel was ineffective based on numerous other supposed deficiencies or omissions. We reject these additional allegations of ineffective assistance for lack of specificity and failure to demonstrate prejudice. See Strickland v. Washington, 466 U.S. 668, 691 (1984)